JOHN DOUGLAS BARR.................... California State Bar No. 40663
TROY DOUGLAS MUDFORD............ California State Bar No. 146392
DAVID LEE CASE........................... California State Bar No. 56701
ESTEE LEWIS................................. California State Bar No. 268358
BARR & MUDFORD, LLP
1824 Court Street/Post Office Box 994390
Redding, California   96099-4390
Telephone: (530) 243-8008     Fax: (530) 243-1648

Attorneys for Plaintiff KAREN HAUGHT, aka JANE DOE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORIA

| | |
|---|---|
| KATRINA HAUGHT<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF ANDERSON;<br>THE CITY OF ANDERSON POLICE DEPARTMENT;<br>DALE WEBB in his official capacity as Chief of Police for the City of Anderson Police Department; and<br>MATTHEW GOODWIN, individually and in his official capacity as a Police Officer with the City of Anderson Police Department; and DOES 1-20.<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**CIVIL RIGHTS ACTION AND PENDANT STATE CLAIMS**<br><br>**(DEMAND FOR JURY TRIAL)** |

1.      KATRINA HAUGHT by her attorney brings this action against all defendants and alleges that defendants violated certain rights guaranteed under the United States Constitution by wrongfully and without just cause injuring plaintiff by means of kidnapping her, assaulting her, battering her, and raping her. Defendants THE CITY OF ANDERSON and THE ANDERSON POLICE DEPARTMENT are liable because of its policy and custom of

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 1
**Complaint for Damages**

tolerating, permitting, and ratifying a practice of allowing lone male police officers to transport females who had been placed under arrest and had been rendered helpless by restraints from the CITY OF ANDERSON to the Shasta County Jail, in the City of Redding, without any chaperone, effective controls, proctoring, or taking any other measure to assure that they were not sexually assaulted, raped or otherwise abused by the officer.  PLAINTIFF KATRINA HAUGHT DEMANDS A JURY TRIAL.

## JURISDICTION

2. This action is brought pursuant to *42 U.S.C. §§1983 and 1988* and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based on *28 U.S.C. §§1331 and 1343*. Plaintiff further seeks to invoke supplemental jurisdiction over state law claims under *28 U.S.C. §1367*. Plaintiff has filed the appropriate administrative claim with defendant THE CITY OF ANDERSON, and plaintiff's claim was rejected by that entity on December 20, 2010. Venue is proper in this court because the events giving rise to this Complaint all occurred in Shasta County, California, a geographical area which falls within the boundaries of the United States District Court for the Eastern District of California.

## THE PARTIES

3. At all times pertinent hereto, plaintiff KATRINA HAUGHT was a resident of Millville in the County of Shasta, State of California. Plaintiff KATRINA HAUGHT is hereinafter referred to as "plaintiff HAUGHT."

4. Plaintiff is informed and believes and thereon alleges that, at all times pertinent hereto, defendants THE CITY OF ANDERSON and THE CITY OF ANDERSON POLICE DEPARTMENT were, respectively, a body politic (to wit, a city government) and one of its departments organized, existing and operating as such in and under the laws of the State of

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 2
Complaint for Damages

California, with their principal place of business located in the City of Anderson, County of Shasta, State of California. Defendants THE CITY OF ANDERSON and THE CITY OF ANDERSON POLICE DEPARTMENT are hereinafter collectively referred to as "defendants CITY." Plaintiff is further informed and believes and thereon alleges that, at all times pertinent hereto, defendants CITY employed BRYAN BENSON, and MATTHEW GOODWIN as sworn police officers, and DALE WEBB as Chief of Police.

5. Plaintiff is informed and believes and thereon alleges that, at all times pertinent hereto, defendant DALE WEBB was a resident of the County of Shasta, State of California, and that he was employed as a sworn police officer and Chief of Police with defendants CITY and was acting in the scope and course of that employment. Defendant DALE WEBB is sued in his official capacity only and is hereinafter referred to as "defendant WEBB."

6. Plaintiff is informed and believes and thereon alleges that, at all times pertinent hereto, defendant MATTHEW GOODWIN was a resident of the County of Shasta, State of California, and that he was employed as a sworn police officer with defendants CITY and was acting in the course and scope of that employment. Defendant MATTHEW GOODWIN is hereinafter referred to as "defendant GOODWIN."

7. The true names or capacities, whether individual, corporate, associate or otherwise, of defendant DOES 1 through 20, inclusive, are unknown to plaintiff, who, therefore, sue said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE conspired in the deprivation of the civil rights of plaintiff HAUGHT, and/or negligently, intentionally, or in some other manner, was responsible for the events and happenings herein referred to and caused injury and damages proximately thereby to the plaintiff as herein alleged.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 3
Complaint for Damages

## FIRST CAUSE OF ACTION AGAINST INDIVIDUAL DEFENDANT

8.  This action arises from an incident that occurred on or about May 29, 2010, during hours of darkness in the City of Anderson, County of Shasta, State of California, wherein the civil rights of plaintiff HAUGHT (a twenty-five year old United Sates citizen) were violated and she sustained severe injuries while she was in the custody of defendants, and each of them. At the aforesaid time and place, plaintiff was arrested for an alleged traffic violation by defendant GOODWIN, who, at all times pertinent hereto, was a sworn police officer, an employee of defendant CITY and was acting in the scope and course of that employment and under color of law.

9. Plaintiff HAUGHT obeyed the law, offered no resistance, and submitted to being rendered helpless by defendant GOODWIN, including allowing herself to be placed in restraints. Subsequent to the aforesaid arrest of plaintiff HAUGHT, defendant GOODWIN delivered custody of plaintiff HAUGHT to fellow officer BRYAN BENSON (who is not a defendant due to his discharge in Bankruptcy). The alleged purpose of this transfer of her person was to allow BRYAN BENSON to transport her, unobserved and unchaperoned, by use of a City of Anderson Police Department vehicle to Shasta County Jail.

10. During this transport, BRYAN BENSON deviated significantly from a route to the jail, stopped the car in a remote location, kept plaintiff in the car by use of his authority as a police officer, under color of law, and attempted to talk plaintiff HAUGHT into performing certain sex acts on him. This deviation amounted to a kidnapping. When plaintiff HAUGHT refused to perform sexual acts, BRYAN BENSON restarted the car and drove it to a concealed location, and resorted to force in order to sexually assault and rape plaintiff HAUGHT. As a consequence, plaintiff HAUGHT sustained severe physical and emotional injuries, which injuries resulted from the use of physical force, sexual assault, sexual battery and rape

perpetrated upon her person and psyche by BRYAN BENSON, who was, at all times pertinent hereto, acting in the scope and course of his employment under color of and abuse of his legal authority as a sworn police officer with defendant CITY

11. At the time defendant GOODWIN transferred custody of plaintiff HAUGHT to BENSON, defendant GOODWIN knew that BENSON would transport plaintiff to jail without a chaperone or any other person in the vehicle and without any kind of effective monitoring of his activities. He also knew that plaintiff was in restraints and helpless if BENSON assaulted her. Plaintiff is informed and believes that defendant GOODWIN knew that BENSON sexually propositioned and assaulted other female prisoners in the past and had failed to report the same. BENSON told defendant GOODWIN that he had assaulted and raped plaintiff on the night of her arrest. Defendant GOODWIN failed to report plaintiff HAUGHT'S assault and rape until an investigation had been begun based on plaintiff HAUGHT'S complaint, and the facts were coming out. While she was in restraints, plaintiff HAUGHT fit the definition of a dependent adult; therefore, defendant GOODWIN, who is defined as a mandated reporter by California Welfare and Institutions Code §15630, had an absolute duty to immediately report any physical abuse of plaintiff HAUGHT. Welfare and Institutions Code §15610.63 defines physical abuse of a dependant adult to include Battery Assault, Sexual Assault, and Rape. Nonetheless, defendant GOODWIN'S report was delayed until five (5) days after the rape.

12. In addition to her injuries, plaintiff HAUGHT was deprived of the following rights under the United States Constitution:

    a.    Freedom from the use of excessive force.

    b.    Freedom from deprivation of liberty without due process of law.

    c.    Freedom from summary punishment.

    d.    Freedom to be secure in her person.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 5
**Complaint for Damages**

e. Equal protection of the laws.

f. Freedom from cruel and unusual punishment in the form of sexual assaults and rape.

13. The actions of defendant GOODWIN were either the result of malice or of a reckless disregard of plaintiff HAUGHT'S rights, and were the direct and proximate cause of great physical and emotional suffering by plaintiff HAUGHT, caused her to incur medical and legal expenses, loss of income, general damages, and deprived her of her physical liberty.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS WEBB AND CITY**

14. Plaintiff HAUGHT hereby incorporates Paragraphs 1-13 by reference as though set out in full herein.

15. Prior to May 29, 2010, defendants permitted, encouraged, tolerated and ratified a pattern and practice of the transportation of female prisoners from The City of Anderson to the Shasta County jail in Redding, California, by unescorted male police officers without chaperones of either sex and without an efficient control system so that the officers would not have the opportunity to assault, sexually assault, and/or rape those prisoners while they were restrained and helpless.

The heinous kidnapping, assault, battery and rape of plaintiff HAUGHT was made possible by this pattern and practice:

a. In spite of the fact that there were at least two other officers at the scene of plaintiff's arrest, BENSON was allowed to transport plaintiff HAUGHT unaccompanied. Defendant CITY did not require that plaintiff HAUGHT be transported by either two officers, or a female officer.

b. There was no device in place in the car that would record events so that an assault and rape could not take place.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 6
Complaint for Damages

   c. There was no monitoring of BENSON'S activities that would prevent, or tend to prevent. this kind of egregious assault and rape.

   d. Transportation of plaintiff HAUGHT was allowed to take place in an unmarked vehicle so that any passerby, seeing it parked in a remote location, would not know that it was a police vehicle. The pattern and practice allowed BENSON to transport plaintiff, not only alone, but anonymously.

   16. Defendants also maintain a system of grossly inadequate training pertaining to the law of protecting prisoners from assault and rape in that it appears from this case that none of the officers at the scene of the arrest understood that standard police training principles and criteria mandate that reasonable precautions were to be taken to protect prisoners from this kind of attack.

   17. The foregoing acts, omissions, and systemic deficiencies are policies and customs of defendant and as such caused police officers of defendants to be unaware of the rules and laws governing protection of prisoners and to believe that transporting female prisoners without appropriate safeguards is acceptable, all with the foreseeable result that officers are more likely to illegally demand sexual services from prisoners and attack and rape those prisoners when the demand is refused.

   18. The deplorable lack of training of defendant CITY'S police officers regarding safety of people in their control is further demonstrated by the fact that when BENSON departed with plaintiff HAUGHT, defendant GOODWIN transported plaintiff HAUGHT'S minor sister to a private residence that was not her home and left her there in the custody of two young male adults. He did not contact, or attempt to contact, the minor's parents to advise them of the minor's situation. This is extremely hazardous behavior when dealing with a minor because this

////

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

leaves her essentially helpless and utterly dependant on the two young male adults with whom she was left.

19. Each of the defendants caused and/or is responsible for the unlawful conduct described in this Complaint and the resultant injuries to plaintiff HAUGHT by, among other things, personally participating in the unlawful conduct, acting jointly, conspiring or acting in concert with others who did so, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct by failing to have adequate policies or procedures in place for police officers arresting and taking custody of persons such as plaintiff HAUGHT, by failing to take action to prevent the unlawful conduct, by failing and refusing with deliberate indifference to protect plaintiff HAUGHT'S rights, to initiate and maintain adequate training and supervision and by ratifying the unlawful conduct that occurred by police officers under their direction and control. In addition, they failed to take remedial and disciplinary action and to prevent injuries to those persons in plaintiff HAUGHT'S situation due to the use of force, sexual assault, sexual battery and rape by police officers; to prevent injury to and the deprivation of the civil rights of persons, including plaintiff HAUGHT, placed under arrest and being held under color of defendants' legal authority.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### STATE LAW CLAIMS BROUGHT UNDER SUPPLEMENTAL JURISDICTION

20. Regarding state causes of action against public entities and officials related to federal claims, plaintiff is required to comply with administrative claim requirements under California law. Plaintiff HAUGHT has compiled with all such applicable requirements.

21. Plaintiff HAUGHT incorporates herein by reference all preceding paragraphs of this complaint as though fully set forth herein.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 8
**Complaint for Damages**

22. The assault, battery, rape and kidnapping of plaintiff HAUGHT was done by BENSON, and aided and abetted by defendant GOODWIN, while they were both in the course and scope of their employment with the defendant CITY.

## VII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR A JURY TRIAL and judgment against defendants as follows:

1. For compensatory, general and special damages against each defendant, jointly and severally, in the amount of $10,000,000.00;

2. For punitive and exemplary damages against defendant GOODWIN and defendant WEBB (but only in his official capacity as Chief of Police) in an amount appropriate to punish THEM and deter others from engaging in similar misconduct;

3. For medical expenses in a sum according to proof;

4. For loss of wages and earning capacity;

5. For prejudgment interest, as allowed by law;

6. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. §1988 and as otherwise authorized by statute or law; and

7. For such other and further relief as this Court may deem proper.

DATED: June 20, 2011                                BARR & MUDFORD, LLP


                                                  /s/ John Douglas Barr
JOHN DOUGLAS BARR (SBN 40663)
Attorneys for Plaintiff
KATRINA HAUGHT, aka JANE DOE

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008