IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA HAUGHT, | No. 2:11-CV-1653-JAM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF ANDERSON, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the court is plaintiff's motion to quash third-party subpoenas (Doc. 19). The matter was heard before the undersigned on January 9, 2013, at 10:00 a.m. in Redding, California. John Dugan Barr, Esq., appeared for plaintiff. Carrie Ann Frederickson, Esq., appeared for defendants. After considering arguments, the matter was submitted.

/ / /

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

## A. Plaintiff's Allegations

Plaintiff alleges that, on May 29, 2010, she was arrested by City of Anderson police officer Goodwin. After the arrest, Goodwin "delivered custody of plaintiff" to fellow officer Bryan Benson, who is not a defendant to this action. Plaintiff claims that the purpose of the transfer was to allow Benson to transport plaintiff "unobserved and unchaperoned." Plaintiff claims that Benson deviated significantly from the route to the jail, drove to a remote location, stopped the car, kept plaintiff in the car, and attempted to persuade plaintiff to perform various sex acts on him. When plaintiff refused, Benson drove to a concealed location and raped plaintiff. Plaintiff alleges that, as a consequence, she "sustained severe physical and emotional injuries. . . ." In additional to civil rights claims against individuals and the City of Anderson, plaintiff asserts state law claims based on "assault, battery, rape, and kidnapping."

## B. Procedural History

In her initial disclosure under Federal Rule of Civil Procedure 26(a), plaintiff identified the following individuals as those who are likely to have discoverable information: (1) Dr. Jeffrey Bosworth, M.D.; (2) Lynn E. Fritz; (3) Joseph S. Bussey, Ph.D.; (4) Melinda Adams; and (5) Robert McKinnon. Plaintiff stated that these individuals evaluated plaintiff and/or provided psychological counseling. In response to interrogatories, plaintiff stated as follows when asked about her alleged damages:

> Plaintiff suffered from depression, extreme anxiety, embarrassment, fear, panic attacks, difficulty going out in public or being near other people, distrust of others – especially law enforcement and individuals in positions of authority, afraid of the dark, night sweats and nightmares, difficulty sleeping, and difficulty dealing with stress.

As for physical injuries, she stated that she sustained "bruising as a result of the incident." In responses to requests for production of documents, plaintiff produced treatment records from Dr. Bosworth.

/ / /

On November 8, 2012, defendants issued subpoenas to Fritz, Shasta Community Health Center for Bosworth, Bussey, Adams, and McKinnon seeking: "All documents pertaining to the care, treatment, examination, or services provided to Katrina Haught from May 29, 2005, to the present. . . ." Plaintiff seeks to quash these subpoenas.

## II. DISCUSSION

Plaintiff argues: (1) the records sought are not relevant because she has not put her mental condition at issue; and (2) even if she has, the records sought are protected by the psychotherapist-patient privilege and/or the right to privacy. Defendants contest both assertions. They also argue that, should the court conclude that the subpoenas should be quashed, plaintiff be precluded from offering evidence of her emotional distress or other mental health injuries from these sources at trial.

Under Federal Rule of Civil Procedure 34(c)(3)(A), the court must quash subpoenas which seek privileged or other protected matter if no exception or waiver applies. Under federal law, the courts recognize that confidential communications between a patient and a psychotherapist are privileges. See Jaffe v. Redmond, 518 U.S. 1 (1996). Some courts follow a broad approach in determining when this privilege is waived. Under the broad approach, the psychotherapist-patient privilege is waived whenever the plaintiff places his mental condition at issue. See EEOC v. Cal. Psychiatric Transitions, 258 F.R.D. 391, 399 (E.D. Cal. 2009). Using a narrower approach, other courts have concluded that the privilege is waived only if the plaintiff places the contents of the communications at issue, which does not happen where the plaintiff claims only generic "garden variety" emotional distress damages. See Id.

Citing Fritsch v. City of Chula Vista, 187 F.R.D. 614 (S.D. Cal. 1999), Ford v. Contra Costs County, 179 F.R.D. 579 (N.D. Cal. 1998), and Turner v. Imperial Stores, 161 F.R.D. 89 (S.D. Cal. 1995), plaintiff argues that she has not put her mental condition at issue because she has not specifically pleaded any cause of action for emotional distress, such as

3

intentional infliction of emotional distress. According to plaintiff, her § 1983 claims and state law claims for assault, battery, rape, and kidnapping do not specifically relate to her mental condition. Plaintiff argues that her claims of emotional distress damages are garden variety claims which do not place her mental condition at issue.

The court agrees that a claim for garden variety emotional distress damages, by itself, is insufficient to place a plaintiff's mental state at issue. The court does not agree, however, with plaintiff's assertion that the absence of any specific cause of action for emotional injury, such as negligent or intentional infliction of emotional distress, necessarily means that a plaintiff's mental state is never at issue. Plaintiff's counsel put it well at the hearing when he said that whether a plaintiff's mental state is at issue depends on the nature of the damages claimed.

The pivotal issue is whether plaintiff's emotional distress damages claims in this case are of the garden variety. The court concludes that they are not. While plaintiff is correct that she has not specifically pleaded any causes of action related to emotional distress, she claims mental impairments as the bulk of her damages, her only alleged physical injury consisting of bruises. Thus, plaintiff's allegations of severe emotional damages put her mental condition squarely at issue.[1] For this reason, the court finds that the information sought is relevant and that the psychotherapist-patient privilege has been waived, as has any claim of privacy.

/ / /

---

[1] Plaintiff has not made a persuasive case for application of the narrower approach, whereby her mental state would only be at issue if she places the contents of the communications at issue. When asked at the hearing whether plaintiff intended to call the various mental health professionals to provide proof of plaintiff's damages, which would put the contents of the communications between plaintiff and the mental health professionals at issue under the narrower approach, plaintiff's counsel said he did not know yet. Whether such evidence is ultimately offered at trial, and what approach is used to evaluate the issue, would be the proper subjects of a motion in limine. At this point in time, the court opts for a broader approach in order to allow defendants a fair opportunity to prepare their defense. Of course, production of plaintiff's mental health records would be the subject of an appropriate protective order regarding, for example, who could actually see and review the documents.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to quash (Doc. 19) is denied.

DATED: January 16, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE