**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATRINA HAUGHT, | No. 2:11-CV-1653-JAM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF ANDERSON, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the court is non-party Bryan Benson's motion to quash (Doc. 32). The matter was heard before the undersigned on August 28, 2013, at 10:00 a.m. in Redding, California. John Dugan Barr, Esq., and Estee Lewis, Esq., appeared for plaintiff. Carrie Ann Frederickson, Esq., appeared for defendants. Gary Lee Lacy, Esq., appeared for Benson.

///
///
///
///
///

Plaintiff alleges that, on May 29, 2010, she was arrested by City of Anderson police officer Goodwin. After the arrest, Goodwin "delivered custody of plaintiff" to fellow officer Bryan Benson, who is not a defendant to this action. Plaintiff claims that the purpose of the transfer was to allow Benson to transport plaintiff "unobserved and unchaperoned." Plaintiff claims that Benson deviated significantly from the route to the jail, drove to a remote location, stopped the car, kept plaintiff in the car, and attempted to persuade plaintiff to perform various sex acts on him. When plaintiff refused, Benson drove to a concealed location and raped plaintiff. Plaintiff alleges that, as a consequence, she "sustained severe physical and emotional injuries. . . ." In additional to civil rights claims against individuals and the City of Anderson, plaintiff asserts state law claims based on "assault, battery, rape, and kidnapping."

In his motion, Benson seeks to quash a subpoena to appear for a deposition on August 29, 2013. Benson anticipates that, given the ongoing criminal proceedings against him, he will assert his Fifth Amendment right against self-incrimination in response to virtually, if not all, questions which may be posed by at his deposition. He argues, therefor, that appearing for a deposition under these circumstances would be futile and burdensome.

The court finds that Benson's motion is premature. What Benson seeks is, in essence, an order sustaining anticipated objections based on his Fifth Amendment privilege against self-incrimination. At this juncture, however, the court can only speculate what questions may be asked. Thus, it is impossible to evaluate whether the privilege against self-incrimination would apply. The issue only becomes ripe for review when a question is asked and an objection is made. Until then, the motion is premature and is denied as such.

IT IS SO ORDERED.

DATED: August 28, 2013

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE