1  ANDREW T. CAULFIELD, SBN 238300
2  RICHARD H. CAULFIELD, SBN 50258
   CAULFIELD LAW FIRM
3  1101 Investment Blvd., Suite 120
   El Dorado Hills, CA 95762
4  Telephone:  (916) 933-3200
5
   Attorneys for Mathew Dale Goodwin
6

7
                    **UNITED STATES DISTRICT COURT**
8
                    **EASTERN DISTRICT OF CALIFORNIA**
9

10

11  KATRINA HAUGHT                      **NO. 2:11-CV-01653-JAM-CMK**

12          Plaintiff,

13     vs.                              STIPULATED CONFIDENTIALITY
                                        AGREEMENT AND PROPOSED
14  THE CITY OF ANDERSON;               STIPULATED PROTECTIVE ORDER
    THE CITY OF ANDERSON POLICE         RE PLAINTIFF'S DISCOVERY
15  DEPARTMENT; DALE WEBB in his
    official capacity as Chief of Police for the
16  City of Anderson Police Department; and
    DOES 1-20,
17

18          Defendants.

19  _____/

20

21        **IT IS STIPULATED AND AGREED** by MATHEW DALE GOODWIN

22  ("GOODWIN"), BRYAN BENSON ("BENSON"), KATRINA HAUGHT ("HAUGHT"), and

23  THE CITY OF ANDERSON ("CITY"), THE CITY OF ANDERSON POLICE

24  DEPARTMENT ("CITY PD"), and DALE WEBB ("Stipulating Parties") by and through their

25  respective counsel of record, as follows:

26        **WHEREAS**, HAUGHT served a set of Request for Production of Documents, Set No.

27  4 ("RPD No. 4") to Defendant City of Anderson Police Department in this matter, *Haught v.*

28  *The City of Anderson*, *et al.*, United States Federal Court Eastern District of California, Case

No. 2:11-CV-01653-JAM-CMK ("the Litigation").   BENSON is not a defendant in the Litigation.  GOODWIN was named as a defendant, but all claims against GOODWIN asserted in the Litigation were previously dismissed with prejudice on November 11, 2011.

WHEREAS, GOODWIN and BENSON assert that the RPD No. 4 seeks the production by CITY of certain private and confidential information of GOODWIN and BENSON, including mental health records, records relating to psychological and psychiatric testing, evaluations and reports as well as other private and confidential information;

WHEREAS, GOODWIN and BENSON strongly oppose the inappropriate disclosure or dissemination of such confidential information to be obtained through various forms of discovery in this matter, and wish to avoid the possibility of damage through the dissemination, disclosure or publication of private, confidential, psychological, medical, employment, financial, trade secret and/or proprietary information;

WHEREAS, Stipulating Parties agree that CITY will provide the documents to be produced by CITY in response to RPD No. 4 to GOODWIN and BENSON to allow GOODWIN and BENSON a "to determine the extent of the private and confidential information identified therein.

WHEREAS, GOODWIN and BENSON desire a "first look" opportunity wherein CITY will produce the documents within its possession to GOODWIN and BENSON first as applicable, without producing the documents to the other Stipulating Parties, to allow for review and identification of confidential information, and redaction where necessary, provided that a privilege log is produced relating to any redactions.  Stipulating Parties reserve their right to challenge any assertion of confidentiality and any redactions by GOODWIN or BENSON.

WHEREAS, Stipulating Parties agree that the documents produced pursuant to the RPD No. 4 which are designated by GOODWIN or BENSON as "Confidential," and Stipulating Parties' use thereafter of the information and/or documents so designated, shall be governed by the provisions of this Stipulated Confidentiality Agreement and Proposed

Stipulated Protective Order (the "Protective Order").

WHEREAS, by participating in this Stipulation, reviewing the documents to be produced pursuant to RFPD No. 4, designating certain documents as "Confidential," and taking any other action as called for herein, GOODWIN and BENSON do not waive any rights, including their right to assert his privilege pursuant to the Fifth Amendment of the United States Constitution.

NOW THEREFORE:

1.   Definition of Confidential Material.   This Protective Order shall govern the disclosure of certain information produced pursuant to RFPD No. 4, and shall be binding on the Stipulating Parties and any other third party who executes the ACKNOWLEDGEMENT, attached hereto as Exhibit "A".   "Confidential Material" is defined as any information or document referring or relating to GOODWIN or BENSON to be produced by CITY in response to RPD No. 4 that GOODWIN or BENSON believes in good faith contains or reflects any of the following:

(a) Confidential and/or sensitive medical, psychological, and psychiatric information;

(b) Social Security number, home address, home phone number, religious affiliation, contact or personal information regarding GOODWIN, BENSON or any of their family members;

(d)  Psychiatric, psychological and medical files; and/or

(c) Other information which must be maintained in confidence to protect personal, business, employment, psychiatric or medical interests.   Confidential material shall be understood to encompass not only that information that is expressly designated as Confidential Material, but also any information derived in whole or in part therefrom and all copies, photographs, excerpts, extracts, abstracts, summaries, or other materials that reflect or disclose the contents of Confidential Material.

2.   Designation of Confidential Material and "First Look" Opportunity.  Stipulating Parties agree that GOODWIN and BENSON will have a "first look" opportunity to review the

records to be produced by CITY in response to RPD No. 4. GOODWIN and BENSON shall designate Confidential Material by stamping the relevant page(s) of information or documents produced with the legend "CONFIDENTIAL."  Where Confidential Material consists of more than one page, the first page and each page on which Confidential Material appears shall be so designated.   Such marking shall be made prior to the transmission of a physical copy (including but not limited to electronic copy) of such item to the Stipulating Parties.

3.   <u>Inadvertent Failure to Designate</u>.   An inadvertent failure to designate Confidential Material does not, standing alone, waive GOODWIN's or BENSON's right to secure protection under this Protective Order for such material.  If information or material is designated by GOODWIN or BENSON as Confidential Material within a reasonable period of time after it was initially produced, the Stipulating Parties shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

4.   <u>Use of Confidential Material</u>.  All Confidential Material shall be used only in connection with the Litigation, and consistent with the provisions of Paragraphs 8 and 9.  No party or "Approved Person," as such term is defined in Paragraph 5, shall directly or indirectly, verbally or otherwise, publish, disseminate, disclose, or post on the internet, or cause to be published, disseminated, disclosed, or posted on the internet, any Confidential Material, except as provided in this Protective Order or otherwise required by law.

5.   <u>Restrictions on Disclosure of Confidential Material</u>.   Except with the prior written consent of GOODWIN or BENSON (as applicable depending on whether the Confidential Material applies to GOODWIN or BENSON), or upon order of the Court in the Litigation, or as otherwise provided in this Order, the Stipulating Parties shall not disclose Confidential Material to any person other than:

(a)   the Stipulating Parties, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Litigation;

(b)   the Stipulating Parties' attorneys of record in this Litigation, the partners,

associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Litigation;

(c)     in-house counsel to the Stipulating Parties and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Litigation;

(d)     the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this Litigation;

(e)     any representative for any insurer affording a defense and/or indemnity for Stipulating Parties in this Litigation;

(f)     any person who authored or previously received the Confidential Material;

(g)     employees of outside copying, printing, binding, or computer input services;

(h)     persons who have been retained by any Stipulating Party (or by its/their attorneys of record) for the purpose of assisting in this Litigation as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this Litigation;

(i)     deposition witnesses, but only for the purposes of this Litigation and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the Confidential Material at deposition, and neither the deposition witnesses, nor their counsel (to the extent they are not parties to this Protective Order) shall be entitled to retain copies of such Confidential Material; and

(j)     such other persons as the Parties may agree or may be ordered by the Court. (The persons described in Paragraph 7(a)-(j) herein, are collectively referred to as "Approved Persons.")

6.     <u>Certification of Persons to Whom Confidential Material Is Disclosed</u>.  Prior to

disclosure of any Confidential Materials to any person described in paragraphs 7(h)-(j) hereof, such person shall be given a copy of this Protective Order and shall sign a certification in the form of Exhibit A, attached hereto.  Such signed and completed certification shall be retained by the attorneys of record for the Stipulating Party disclosing the Confidential Materials.

7.    <u>Disclosure to Third Parties</u>.  Unless otherwise ordered by the Court, to the extent the Stipulating Parties seek to disclose, or are otherwise requested to disclose during discovery, Confidential Material to any person, group, firm, entity, or other party who is not an Approved Person (a "Third Party"), disclosure to such Third Party may only be made after advising the Third Party of the existence and terms of this Protective Order, as well as securing the Third Party's consent to be bound by this Protective Order's terms and to submit to the jurisdiction of this Court by executing a copy of the ACKNOWLEDGEMENT, which is attached to this Order as Exhibit "A."  If the Third Party does not agree to execute Exhibit "A", the Stipulating Parties will refer the Third Party to GOODWIN or BENSON (as applicable) and request that the Third Party meet and confer with GOODWIN or BENSON (as applicable) regarding any issues preventing the Third Party from executing this Protective Order.  Before disclosing Confidential Material to any person not authorized to have access to Confidential Material under this section, the Stipulating Parties shall give at least fourteen (14) days' written notice to GOODWIN or BENSON (as applicable), stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed.  If, within the 14-day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise.

8.    <u>Use of Confidential Material in </u>Deposition.  Subject to the provisions of Paragraph 9 below, if a Stipulating Party uses Confidential Material at a deposition, the Stipulating Party shall state on the record, prior to use of such Confidential Material, that the information or document to be used has been stamped Confidential Material by or on behalf of GOODWIN or BENSON and is being used pursuant to the terms of this Protective Order.

9. <u>Use of Confidential Material at Public Trial, Hearing, or Proceeding</u>.   If a Stipulating Party intends to use Confidential Material at a public trial, hearing, or proceeding in the Litigation, the Stipulating Party shall notify GOODWIN and/or BENSON (as applicable) of the intended use no less than fourteen (14) days before such trial, hearing, or proceeding. To the extent the intended use is not already covered or governed by an order of the Court, the parties agree to meet and confer on the intended use or the parameters thereof.  If the parties are unable to agree on the intended use or parameters thereof, GOODWIN and/or BENSON (as applicable) shall be entitled to move the Court to disallow the Stipulating Party's intended use or to set reasonable parameters on such intended use.  GOODWIN and/or BENSON (as applicable) must so move, if at all, no less than seven (7) days prior to the Stipulating Parties' intended use of the Confidential Material.

10. <u>Challenging Confidential Material Designation</u>.  A Stipulating Party may, at any time, notify GOODWIN or BENSON (as applicable) in writing of its objection that a portion or all of the information or document designed by GOODWIN or BENSON (as applicable) as Confidential Material does not fall within the definition of Confidential Material or is otherwise not entitled to such protection.  The parties agree to thereafter meet and confer regarding the dispute.  If such meet and confer efforts are unsuccessful at resolving the dispute, the Stipulating Party may move the Court for an order that the information or document so designated, or the challenged portion thereof, is not properly designated under the terms of this Protective Order.  The Stipulating Parties agree to submit the challenged information and/or documents to the Court for <u>in camera</u> review, though the burden of proof with respect to confidentiality at all times rests with GOOWDIN and/or BENSON (as applicable).   The Stipulating Parties agree to treat such information or document, or portion thereof, as Confidential Material until the Court or the parties resolve the dispute.

11. <u>Inappropriate Disclosure</u>.   If any Stipulating Party becomes aware that disclosure of Confidential Material has been made to a person other than an Approved Person or pursuant to an order of the Court, the Stipulating Party shall immediately inform

GOODWIN and/or BENSON (as applicable), in writing, of such disclosure, and shall immediately take reasonable steps within the Stipulating Party's power to prevent further or greater unauthorized disclosure of the Confidential Material.   In no event shall wrongful disclosure of Confidential Material be deemed to render such Confidential Material "publicly known" and/or no longer constituting Confidential Material.

13.     Return/Destruction of Confidential Material.   Upon final termination of the Litigation, the Confidential Material, except for that incorporated in pleadings, deposition transcripts, and the work product of counsel, shall be destroyed or returned to CITY.

14.     Modification in Writing.   This Protective Order shall not be modified or terminated except by written stipulation executed by Stipulating Parties or further order of the Court.

15.      Execution in Counterparts.    This Protective Order may be executed in counterparts and each counterpart shall be deemed an original, and all counterparts taken together will constitute one and the same agreement, which will be binding and effective as to the parties hereto.  Counterparts may be delivered by facsimile.

**IT IS SO STIPULATED.**

Dated:   Oct___, 2013                        _____
                                                            ESTEE LEWIS
                                                            BARR & MUDFORD, LLP
                                                            Attorneys for Plaintiff
                                                            Katrina Haught

Dated:  November 5, 2013                */s/ Carrie A. Frederickson*
                                                            BRUCE A. KILDAY
                                                            CARRIE A. FREDERICKSON
                                                            ANGELO KILDAY & KILDUFF, LLP
                                                            Attorneys for City of Anderson,
                                                            City of Anderson Police Department, Dale Webb

Dated:   November 5, 2013                    _/s/ Andrew T. Caulfield_
                                             ANDREW T. CAULFIELD
                                             CAULFIELD LAW FIRM
                                             Attorneys for Matthew Dale Goodwin

Dated:   November 5, 2013                    _/s/ Paul Goyette_
                                             PAUL GOYETTE
                                             GOYETTE & ASSOCIATES
                                             Attorneys for Bryan Benson


IT IS SO ORDERED.


                                                    Dated:  November 18, 2013


                                             CRAIG M. KELLISON
                                             UNITED STATES MAGISTRATE JUDGE

1

**EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER**

2

3

**ACKNOWLEDGMENT**

4

5          I hereby acknowledge that I have been given a copy of the Protective Order entered

6 on _____, 2013 by the United States Federal Court Eastern District of

7 California in Case No. 2:11-CV-01653-JAM-CMK, *Katrina Haught v. the City of*

8 *Anderson, et al*.  I understand the terms of the Protective Order and agree, on behalf of

9 myself and the company/firm set forth below, to be bound by the terms of the Protective

10 Order as a condition of being provided access to Confidential Material, as defined in the

11 Protective Order.  By executing this Acknowledgement, I hereby consent to the ongoing

12 jurisdiction of the aforementioned Court for the purpose of enforcing the terms of the

13 Protective Order.

14          Dated: _____

15

16

17                                                      _____

18                                                      Printed Name

19

20                                                      _____

21                                                      Signature

22

23

24

25

26

27

28

Goodwin and Benson– Stipulated Protective Order                                          10