IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA HAUGHT, | No. 2:11-CV-1653-JAM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF ANDERSON, et al., | |
| Defendants. | |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the court is plaintiff's motion to compel (Doc. 77). In her motion, plaintiff seeks: (1) an order compelling non-party witness Goodwin to provide answers to deposition questions; (2) an order compelling defendants' witnesses Miller and Blunk; and (3) an order compelling further responses to plaintiff's requests for production of documents, set 5, propounded to defendants. The parties appeared at a hearing on September 18, 2015, at 10:00 a.m. before the undersigned in Redding, California. John Dugan Barr, Esq., and Cathleen Theresa Barr, Esq., appeared for plaintiff. Bruce Alan Kilday, Esq., appeared for defendants. Andrew T. Caulfield, Esq., and Hayes H. Gable, Esq., appeared for non-party witness Goodwin.

///

Following arguments by the parties, the court issued an order on September 23, 2015, granting plaintiff's motion in part, denying the motion in part, and deferring the motion as to requests for production of documents because the parties: (1) failed to file a joint statement; and (2) indicated that many, if not all, of the remaining disputed issued regarding requests for production could be resolved by way of further meet-and-confer efforts and an appropriate protective order.  The parties were directed to submit a joint statement regarding the remaining disputed discovery along with a stipulated protective order.  The parties' joint statement was submitted on September 30, 2015, and stipulated protective orders were issued on September 28, 2015 (as to documents sought relating to Goodwin) and on October 21, 2015 (as to all other documents sought).

## I.  BACKGROUND

### A.    Plaintiff's Allegations

Plaintiff alleges that, on May 29, 2010, she was arrested by City of Anderson police officer Goodwin.  After the arrest, Goodwin "delivered custody of plaintiff" to fellow officer Bryan Benson, who is not a defendant to this action.  Plaintiff claims that the purpose of the transfer was to allow Benson to transport plaintiff "unobserved and unchaperoned."  Plaintiff claims that Benson deviated significantly from the route to the jail, drove to a remote location, stopped the car, kept plaintiff in the car, and attempted to persuade plaintiff to perform various sex acts on him.  When plaintiff refused, Benson drove to a concealed location and raped plaintiff.  Plaintiff alleges that, as a consequence, she "sustained severe physical and emotional injuries. . . ."  In additional to civil rights claims against individuals and the City of Anderson, plaintiff asserts state law claims based on "assault, battery, rape, and kidnapping."

///

///

///

    **B.**    <u>**Procedural History**</u>

The current action proceeds against the City of Anderson, the City of Anderson Police Department, and Dale Webb in his official capacity as the Chief of Police for the City of Anderson Police Department. Goodwin, who had originally been named in the complaint, was dismissed on November 11, 2013, on stipulation of the parties (<u>see</u> Doc. 13). Pursuant to the District Judge's August 20, 2015, amended scheduling order, discovery closes on November 20, 2016, and dispositive motions are due by December 29, 2015.

## II.  DISCUSSION

Remaining after the court's September 23, 2015, order is plaintiff motion for an order compelling defendants' further responses to requests for production of documents. At issue are requests for production 78, 79, 91, 92, 96, 97, 110, 112, 113, 114, 115, 116, and 117.

    **A.**    <u>**Documents Related to Arbitration Proceedings Regarding Goodwin**</u>

In dispute are requests for production 78 and 79.

> 78 – Any and all reports, tests, or evaluation results (whether final, preliminary or in rough form) drafted, compiled, or reviewed by any person regarding or in any way related to any arbitration proceeding regarding Matthew Goodwin and his employment with and/or termination from the Anderson Police Department.
>
> 79 – Any and all documents and tangible things (including letters and email transmissions), provided to or possessed by the Anderson Police Department from anyone involved in any arbitration proceedings regarding Matthew Goodwin and his employment with and/or termination from the Anderson Police Department.

In their initial responses to these requests, defendants agreed to produce "records pertaining to Goodwin's arbitration proceedings" subject to a protective order. In the September 30, 2015, joint statement, defendants now object on the following grounds: (1) privacy; (2) attorney-client privilege; (3) relevance; and (4) oppression and burden. As to the attorney-client privilege, defendants state that they "will not prepare a privilege log absent a court order" due to the "effort

involved in preparing an item-by-item privilege log containing all of the information Plaintiff is seeking." Defendants add:

> Notwithstanding Defendants' response, all parties agreed at Mr. Goodwin's deposition for the production of documents and things related to the arbitration proceedings regarding Mr. Goodwin pursuant to a protective order. It was also agreed upon that Mr. Goodwin's attorney, Andrew Caulfield, would prepare the protective order for circulation and approval. As the protective order was recently signed and approved by the Court, we will produce the Arbitration Award by Christopher D. Burdick relating to Mr. Goodwin pursuant to that order.

In their initial responses, defendants agreed to produce documents relating to arbitration proceedings regarding Goodwin subject to a protective order. Defendants now state, however, that they will only produce "the Arbitration Award by Christopher D. Burdick." Defendants do not provide any rationale for limiting production of documents to just the award relating to the Burdick case instead of <u>all</u> documentation of <u>all</u> arbitrations regarding Goodwin. Given that an appropriate protective order has been issued, the court will direct defendants to produce all documentation relating to all arbitration proceedings regarding Goodwin. If the Burdick case was the only arbitration proceeding regarding Goodwin, defendants shall so state. To the extent defendants assert that documents are protected by the attorney-client privilege, defendants shall also serve a privilege log.

### B. **Documents Relating to Complaints Regarding Miller and Blunk**

In dispute are requests for production 91, 92, 96, and 97 (as to Miller) and requests for production 113, 114, 115, 116, and 117 (as to Blunk).

> 91 – Any and all documentation of any citizen complaint against Officer Sean Miller made prior to subject incident.
>
> 92 – Any and all documentation of any citizen complaint against Officer Sean Miller made after subject incident.
>
> 96 – A copy of any and all Employee Incident Reports created pursuant to Anderson Police Department Policy 1003 as to Sean Miller.
>
> 97 – Any and all documents in Sean Miller's personnel file.

    113 – Any and all documentation of any citizen complaints against Steven Blunk made prior to subject incident.

    114 – Any and all documentation of any citizen complaints against Steven Blunk made after subject incident.

    115 – Any and all documentation relating to accusations made about Officer Steven Blunk whether formal or informal, concerning Steven Blunk's contact with Bryan Benson after May 28, 2010.

    116 – Any and all documentation relating to accusations made about Officer Steven Blunk whether formal or informal, concerning Steven Blunk's contact with Matthew Goodwin after May 28, 2010.

    117 – A copy of any and all Employee Incident Reports created pursuant to Anderson Police Department Policy 1003 as to Steven Blunk.

Defendants object that the requests are overbroad in that plaintiff has not limited then in time. Defendants agree to produce "relevant personnel records" covering the time period from five years prior to the May 2010 incident to five years after the incident. Defendants also object based on privacy, but state that the 10-year limitation in scope will also satisfy that concern.

    To the extent defendants argue that documents outside the proposed 10-year window are not relevant, the court disagrees. See Kaur v. City of Lodi, 2015 WL 136044 (E.D. Cal. Jan. 9, 2015).

    To the extent defendants assert that production of documents outside the 10-year window would be burdensome or oppressive, they offer no factual bases upon which to sustain such an objection. Specifically, while defendants state that the officers "have been with the Anderson Police Department for over a decade," they do not state when the officers first began working for the Anderson Police Department or when they ended such employment, if they have. As such, any assertion of burden or oppression in producing the requested documents without limitation in time as simply not supported. If the officers are still working for the Anderson Police Department, then "a decade" would be within defendants' proposed 10-year window (five years before and five years after the subject incident in 2010). If, however, the officers stopped

working for the police department in 2012, then "a decade" would encompass a time period up to eight years prior to the subject incident. Or, it is possible that "over a decade" means 25 years, in which case producing responsive documents going back so many years prior to the 2010 incident would indeed constitute a burden. Defendants simply have not provided the court with enough information to sustain such an objection.

Finally, to the extent defendants object based on privacy, the officers' privacy rights are preserved by the October 21, 2015, protective order.

Defendants' objections are overruled and defendants will be directed to produce all documents responsive to these requests.

### C. Documents Relating to Investigations of Benson and Goodwin

In dispute are requests for production 110 and 112.

> 110 – Any and all documentation including but not limited to any correspondence, emails, text messages, social media messages, or letters with any person concerning the investigation of Bryan Benson.
>
> 112 – Any and all documentation including but not limited to any correspondence, emails, text messages, social media messages, or letters with any person concerning the investigation of Matthew Goodwin.

Defendants object on the grounds that the requests seek documents protected by the attorney-client privilege to the extent they describe communications between the City of Anderson and its attorneys. Defendants once again state that they "will not prepare a privilege log absent a court order." Plaintiff states that she is not seeking privileged attorney-client communications.

Because the parties agree that communications between the City of Anderson and its attorneys are protected, defendants will be directed to serve all other documents regarding the investigations of Benson and Goodwin.

/ / /

/ / /

/ / /

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The remainder of plaintiff's motion to compel (Doc. 77) as to plaintiff's requests for production of documents, set 5, is granted;

2. To the extent they have not already done so, defendants shall serve supplemental responses along with all responsive documents, consistent with the foregoing, by November 20, 2015.


DATED:  November 6, 2015

                                                                         */s/ Craig M. Kellison*
                                                                         **CRAIG M. KELLISON**
                                                                         UNITED STATES MAGISTRATE JUDGE